UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA JUSTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TURNING POINTE AUTISM FOUNDATION;<br>THE CAPITAL GROUP COMPANIES, INC; and<br>AMERICAN FUNDS DISTRIBUTIONS, INC.,<br><br>　　　　　Defendants. | No. 23 CV 15143<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Cassandra Juste alleges that Defendants failed to properly fund and manage her retirement account. Turning Pointe moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. R. 14. For the reasons stated below, that motion is granted.

### Legal Standard

Under Rule 12(b)(3), a party may move to dismiss based on improper venue. Fed. R. Civ. P. 12(b)(3). "Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). Courts may "view evidence of the party moving to dismiss (the defendant) in order to rebut the allegations of the non-movant's (the plaintiff's) complaint asserting facts supporting its chosen venue." *Id.* A plaintiff bears the burden of establishing venue is proper. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008).

1

**Background**

From December 2020 through February 2023, Turning Pointe employed Juste as a teacher's aide. R. 1 ¶¶ 7, 8, 23. During this time, Turning Pointe offered a retirement plan called the *Savings Incentive Match Plan for Employees* (the "Simple Plan") that established IRA accounts for Turning Pointe employees. *Id.* at ¶ 12. The Capital Group Companies, Inc. and American Funds Distributors, Inc. (collectively, the "Capital Defendants") were custodians for the accounts. *Id.* ¶¶ 3, 4.

On November 9, 2021, Juste enrolled in the Simple Plan by filling out an application form where she elected to contribute three percent of her pre-tax income to her account. *Id.* at ¶ 14 (application attached at R. 1-3). As part of the application form, Juste signed beneath a paragraph stating: "I hereby establish a [Simple IRA] . . . and acknowledge that I have received, read and agree to the *Simple IRA Custodial Agreement*." R. 1-3 at 5. The Custodial Agreement contains a forum selection clause which states: "Each party agrees that all actions or proceedings instituted by the Custodian, Participant, Beneficiary, or any interested party arising under or growing out of this Agreement shall be brought in the state or federal courts of California." R. 14-2 at 17.

Turning Pointe informed Juste that her application had been forwarded to the Capital Defendants and that Juste had been enrolled in the Simple Plan. R. 1 ¶ 16. But in February 2023, after Turning Pointe fired Juste, Juste learned that the Capital Defendants had never processed her application, that Turning Pointe had never deposited her elective deferrals, and thus that Turning Pointe had never

2

matched the contributions that Juste would have made to the Simple Plan. *Id.* at ¶ 23. Defendants never disclosed to Juste that there had been an issue with her enrollment in the Simple Plan. *Id.* at ¶ 22.

On October 19, 2023, Juste filed the complaint in this case alleging violations of ERISA. R. 1. Turning Pointe moves to dismiss under Rule 12(b)(3) for improper venue and under Rule 12(b)(6) for failure to state a claim. R. 14. The Capital Defendants move for a judgment on the pleadings under Rule 12(c). R. 28. Because venue is a threshold issue, the Court begins with it.

## Discussion

When interpreting contracts, the primary objective is to give effect to the parties' intentions, and the best indication of intent is the plain and ordinary meaning of the contract's language. *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 689–90 (7th Cir. 2017). The forum selection clause in the Custodial Agreement is unambiguous. It requires that any action "arising under or growing out of the [Custodial] Agreement" be filed in California. R. 14-2 at 17. Because this action concerns Juste's Simple Plan IRA account, it arises under the Custodial Agreement and should have been filed in California. But seeking to avoid dismissal, Juste argues that the Custodial Agreement should not apply.

First, Juste argues that she never signed the Custodial Agreement, that she never reviewed the Agreement, and thus that she cannot be bound by the Agreement. R. 23 at 2, 5. But contrary to her argument, Juste attested that she had "received, read and agree to the *Simple IRA Custodial Agreement*" when she signed the Simple

3

Plan application form. R. 1-3 at 5. The Custodial Agreement was thus incorporated by reference into the application form that Juste signed. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 737 (7th Cir. 2002) (applying Illinois law: "When the contract incorporates a specific document by name, both parties are on notice and are bound by the terms of that document."); *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262 (9th Cir. 2017) (citations omitted) (applying California law: "[P]arties may validly incorporate by reference into their contract the terms of another document.").

Second, Juste argues that the Court may not consider the Custodial Agreement because it is hearsay evidence offered by Turning Pointe that lacks foundation. R. 23 at 6. But courts may consider hearsay at the motion to dismiss stage. *See Marquez v. Riveredge Hosp., Inc.*, 2022 WL 832650, at *7 (N.D. Ill. Mar. 21, 2022) (collecting cases); *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2021 WL 83736, at *3 (N.D. Ill. Jan. 11, 2021) (collecting cases). And, as noted above, courts may consider evidence provided by the party moving to dismiss when ruling on venue. *SIRVA*, 832 F.3d at 809. Finally, Turning Pointe provided sufficient foundation. Turning Pointe attached a declaration from its employee Carrie Provenzale to its motion to dismiss, in which Provenzale attested based on personal knowledge that at the time Juste worked for Turning Pointe, "it was Turning Pointe's custom and practice to provide all new employees" with certain documents related to benefits. R. 14-2 ¶¶ 6–9. Provenzale then attached these documents, which included the Custodial Agreement, as an exhibit to her declaration. *Id.* at 12–17. In ruling on this motion, the Court may consider the Custodial Agreement.

4

Third, Juste argues that the Custodial Agreement is inadmissible under 820 ILCS 40/4 because Turning Pointe did not provide the Custodial Agreement in response to Juste's employment file request, which Juste made prior to filing this case. R. 23 at 7–8. But the "Federal Rules of Evidence, not provisions of state law, govern the admissibility of evidence in federal court." *Park v. City of Chicago*, 297 F.3d 606, 611 (7th Cir. 2002).

Fourth, Juste argues that Turning Pointe should be barred from invoking the forum selection clause because Turning Pointe is not a party under the Custodial Agreement. R. 23 at 9. But the plain language of the forum selection clause mandates that any case "arising under" the Custodial Agreement be brought in California, whether the case is initiated by the "Custodian, Participant, Beneficiary, or any interested party." R. 14-2 at 17. As a Participant in the Simple Plan, Juste is bound by the forum selection clause. And further, the forum selection clause covers interested parties, which includes Turning Pointe.

Finally, Juste argues that even recognizing the validity of the Custodial Agreement, the forum selection clause should be rejected as a matter of policy because the key witnesses are in Illinois rather than California. R. 23 at 11. But considering this issue from a policy perspective, the Seventh Circuit has explained that "forum-selection clauses promote uniformity in plan administration and reduce administrative costs and in that sense are consistent with the broader statutory goals of ERISA." *In re Mathias*, 867 F.3d 727, 733 (7th Cir. 2017).

## Conclusion

Juste is unable to prevent application of the Custodial Agreement, which plainly requires her to file this action in California. For this reason, Turning Pointe's motion to dismiss for improper venue is granted. The entire action is dismissed without prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: August 15, 2024